UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-40610
_____


JOE M. JOHNSON,

                              Plaintiff - Appellant,

                    versus

RICK BERRY, Individually and in his official capacity as
Harrison County District Attorney; DARYLL BENNETT; ALENE BELL.

                              Defendants - Appellees.

_____

Appeal from the United States District Court for the
Eastern District of Texas
(2:94-CV-177)
_____
September 9, 1996

Before HIGGINBOTHAM, DUHÉ and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

    Pro se plaintiff Joe Johnson, a Texas inmate, appeals from the

dismissal of his complaint alleging a conspiracy to deprive him of

property through state forfeiture proceedings.  The district court

dismissed the complaint without prejudice for failure to timely

effect service of process within 120 days.  See  Fed. R. Civ. P.

_____

[*]Pursuant to Local Rule 47.5, the court has determined that this
opinion should not be published and is not precedent except under
the limited circumstances set forth in Local Rule 47.5.4.

4(m).  We vacate the dismissal and remand to the district court.

We review a dismissal for failure to effect timely service under an abuse-of-discretion standard.  Peters v. United States, 9 F.3d 344, 345 (5th Cir. 1993); Systems Signs Supplies v. United States Dep't of Justice, 903 F.2d 1011, 1013 (5th Cir. 1990).

Under Rule 4(m), if proper service is not made within 120 days of the filing of the complaint, the action is subject to dismissal, unless the plaintiff can show "good cause" for the failure.  Fed. R. Civ. P. 4(m).  Good cause requires "at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice."  Winters v. Teledyne Movible Offshore, Inc., 776 F.2d 1304, 1306 (5th Cir. 1985); accord Peters, 9 F.3d at 345; Systems Signs, 903 F.2d at 1013.  A claimant must establish "some reasonable basis for noncompliance within the time specified." Winters, 776 F.2d at 1306; Systems Signs, 903 F.2d at 1013 (quoting Winters).

Johnson filed his complaint on November 9, 1994.  After denial of in forma pauperis ("IFP") status, Johnson made his partial fee payment on January 9, 1995.  Summons forms were not mailed to him until two months later on March 8, 1995.  Johnson returned the completed summons forms on March 22, 1995.  These summons were not signed by the clerk's office until May 25, 1995, another two month delay.  On June 26, 1996, the magistrate judge recommended that Johnson's complaint be dismissed without prejudice for failure to

2

serve process on the defendants within 120 days, unless he made a showing of good cause for the failure. The magistrate judge observed that the filing fee was paid on January 9, 1995 indicating that service should have been made by May 9, 1995. Johnson contended that he could show good cause on the grounds that the clerk's office delayed the return of the summons forms and that he was unable to pay service fees to the sheriff. Without specifically addressing these contentions, the district court adopted the magistrate judge's recommendation and dismissed the complaint. The district court then granted Johnson's motion to proceed IFP on appeal.

The district court did not explicitly address whether Johnson had shown good cause for the delay. We therefore VACATE the dismissal and REMAND to the district court to consider whether the clerk's office delay and Johnson's inability to pay service fees provides good cause for the delay.